# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERALD JACKSON and** | ] | |
| **BENITA JACKSON,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Case No.:  2:08-CV-1781-VEH** |
| | ] | |
| **WELLS FARGO HOME** | ] | |
| **MORTGAGE, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiffs Jerald and Benita Jackson (the "Jacksons") initiated this lawsuit in the Circuit Court of Jefferson County on January 18, 2007.  (Doc. 1 ¶ 1; *id.* at Ex. 1). On February 28, 2007, Defendant Wells Fargo Home Mortgage ("Wells Fargo") removed the litigation to this court.[1]  (Doc. 1 ¶ 3; *id.* at Ex. 2).  Wells Fargo based its removal upon federal court diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. 1 ¶ 3; *id.* at Ex. 2 ¶ 2).  On March 30, 2007, the Jacksons filed a motion to remand, which the court granted on April 18, 2007.  (Doc. 1 ¶ 3; *see generally* Doc. 1 at Exs. 3-4).

---

[1]  The first federal court case number was 2:07-CV-393-VEH.

On September 26, 2008, Defendant RELS Reporting Service, LLC ("RELS") filed a second removal of this case. (Doc. 1 at 1). Wells Fargo has joined in this subsequent removal petition. (Doc. 1 ¶ 34; *id.* at Ex. B).

Pending before the court is the Jacksons' Motion to Remand in Response to Defendant, RELS Reporting Service's Notice of Removal ("Motion to Remand") (Doc. 6) filed on October 23, 2008. The parties have filed their briefs[2] and the Jacksons' Motion to Remand is now ripe for a decision. As discussed more fully below, the court determines that the case is due to be remanded again to the Circuit Court of Jefferson County.

## II.   BACKGROUND

The Jacksons' initial complaint alleges reckless and wanton hiring, training and supervision and an invasion of the right to privacy against Wells Fargo and fictitious defendants. (*See generally* Doc. 1 at Ex. 1). The pleading further seeks compensatory and punitive damages in the amount of forty-nine thousand, five hundred dollars ($49,500.00). (*Id.* at Ex. 1 at 4). The complaint also expressly states: "Defendants are on notice that this ad damnum will be amended and increased, as appropriate as this case evolves." (*Id.*).

_____

[2] RELS filed its opposition to the Motion to Remand (Doc. 9) on November 3, 2008, and the Jacksons filed their reply (Doc. 10) on November 10, 2008.

Subsequent to this court's first ruling remanding the case, on April 28, 2008, the Jacksons filed an amendment to their complaint which adopted all the previous averments without restating or attaching them and removed "all limitations on the Amount of Damages Demanded." (Doc. 1 at Ex. 6 ¶¶ a-b).  The Jacksons then filed another amended complaint on August 25, 2008, which substituted RELS for "Fictitious Party Defendant B[.]" (*Id.* at Ex. 9 at 1).

The Jacksons are both residents of the State of Alabama.  (Doc. 1 at Ex. 1  ¶¶ 1-2).  Wells Fargo is a California corporation with its principal place of business also located in California.  (Doc. 1 ¶ 18).  RELS states that "it is an Iowa limited liability company with its principal place of business located in the State of Minnesota."[3] (*Id.* ¶ 19).

## III.   ANALYSIS

### A.   General Principles Governing Subject Matter Jurisdiction

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. American*

---

[3] RELS has not adequately stated citizenship for a limited liability company as discussed more fully below.

*Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18

(1951)) (internal footnotes and citations omitted).  Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that—with the express exception of civil rights cases that have been removed—orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review.  More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a

ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B.    RELS's Burden on Removal

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the removing defendant(s). *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists.") (citation omitted).  "The court should determine its jurisdiction over the case 'based upon the plaintiff's pleadings at the time of removal.'" *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003).

"[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala.1998) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).  In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand.  *Lowe's*, 995 F. Supp. at 1389 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied*, 520 U.S. 1162 (1997)) (other citation omitted).

6

Relatedly, because the Jacksons have filed a Motion to Remand, it is permissible for this court to consider procedural problems that would support a remand of the case,[4] even if the Jacksons have not enumerated such bases in their filing.[5]  As the Eleventh Circuit explained in *Velchez v. Carnival Corp.*, 331 F.3d 1207 (11th Cir. 2003), in dismissing an appeal of a remand order for lack of jurisdiction:

> The procedural objection in Velchez's motion was based on Carnival's asserted failure to attach certain documents to its removal notice, as required by § 1446(a).  <u>The district court granted the motion to remand on the different basis, never asserted by Velchez,</u> that Carnival had failed to comply with the requirement of § 1446(b) that the removal notice be filed within thirty days of the defendant's receipt of the initial pleading.
>
> This is really the issue upon which this appeal turns: Does a remand order based upon a procedural defect different from the one asserted in the remand motion filed by a party amount to a *sua sponte* order over which we have appellate jurisdiction? *Sua sponte* means "[w]ithout prompting or suggestion; on its own motion." Black's Law Dictionary 1437 (7th ed.1999). <u>That dictionary definition of *sua sponte* does not fit these circumstances, because the court was prompted by Velchez to remand</u>. The court stated in its order that "it is, ORDERED AND ADJUDGED that Plaintiff's Motion to Remand is GRANTED."

---

[4] As explained above, the court <u>must</u> independently satisfy itself that federal subject matter jurisdiction exists (as opposed to any procedural defects in the removal process), even in the absence of a pending motion to remand.

[5] One of the non-substantive grounds relied upon by the Jacksons in support of remand is the purported untimeliness of RELS's removal under 28 U.S.C. § 1446(b).  (*See, e.g.*, Doc. 6 ¶¶ 49-51).

Order at 3.

> Of equal or greater importance is the purpose behind the distinction. <u>When a party moves for remand, as Velchez did, that party wants to go back to state court. The motion establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects</u>.

331 F.3d at 1210 (emphasis added). Accordingly, the court may go beyond the express objections asserted by the Jacksons in assessing the propriety of their remand request.

### C.      Diversity Jurisdiction

RELS premises its removal upon this court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1.      Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the

complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Although the Jacksons have not pointed it out as a basis for remand, here, the problem lies with RELS's inadequate statement of its citizenship. The test within the Eleventh Circuit for determining the citizenship of RELS, a limited liability company, is clear:

> <u>We hold that the general rule for unincorporated entities also</u> <u>applies to limited liability companies, in the absence of Congress's</u> <u>extending the treatment given to corporations.</u> *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998) ("Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1)) ... we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.") (citations omitted); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (holding that citizenship of a limited liability company was determined by the citizenship of its members, citing Cosgrove, 150 F.3d at 731); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that based on the similarities between limited liability companies and limited partnerships, and in the absence of a Congressional mandate, the general rule of citizenship based on membership applied).

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (emphasis added). More specifically under *Rolling Greens*, in order to establish diversity of citizenship, if a limited liability company is a party, <u>the names</u>

and states of domicile of each member of the limited liability company must be listed.
*Id.*

In this instance, RELS has failed to delineate the number of members that it has, much less the names and states of domicile for each one of its members.  Instead, RELS has merely and ineffectively indicated that "it is an Iowa limited liability company with its principal place of business located in the State of Minnesota."  This statement is both procedurally and substantively deficient to demonstrate satisfaction of the diversity of citizenship requirement.  Accordingly, remand is appropriate for this independent defect in the removal process as well as for lack of subject matter jurisdiction because RELS has not substantively shown that diversity of citizenship exists.

### 2.    Amount in Controversy Requirement

In their Motion to Remand, the Jacksons urge this court to be guided once again by the amount in controversy standard enunciated by the Eleventh Circuit in *Burns v. Windsor*, 31 F.3d 1092 (11th Cir. 2004).  (*See, e.g.*, Doc. 6 ¶¶ 28-33).  RELS, on the other hand, argues in opposing remand that the damages in this case are unspecified by virtue of the Jacksons' amendment removing all limits on damages and therefore maintains that it only needs to show satisfaction of the preponderance of evidence standard, citing to *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211

(11th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S. Ct. 2877 (2008).  (Doc. 9 ¶ 26).
Assuming without deciding that RELS is correct that *Lowery* governs this court's
assessment of the amount in controversy requirement, RELS is not able to meet the
*Lowery* standard and remand therefore is also alternatively appropriate for this reason.

Regarding amount in controversy, "when Congress created lower federal
courts, it limited their diversity jurisdiction to cases in which there was a minimum
monetary amount in controversy between the parties."  *Smith v. GTE Corp.*, 236 F.3d
1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)).
Today, the threshold amount in controversy for diversity jurisdiction, excluding
interests and costs, is $75,000.  28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state
court, a removing defendant must prove by a preponderance of the evidence that the
amount in controversy more likely than not exceeds the . . . jurisdictional
requirement."  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.
1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069,
1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178,
182-83 (1936); *Lowery*, 483 F.3d at 1211.

In assessing the propriety of removal, "the court considers the documents
received by the defendant from the plaintiff . . . and determines whether that

document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211 (emphasis added). In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available. *Id*. at 1210.

Similarly, in this case, the court finds that the allegations of the amount in controversy made in the notice of removal coupled with treating the specified damages as unspecified ones because of the subsequent amendment made by the Jacksons to make damages unlimited are insufficient to establish satisfaction of the amount in controversy requirement. In its notice of removal, RELS unpersuasively maintains that even considering the Jacksons' demand to be an unspecified one, their allegations of "malicious conduct [causing] credit damage, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish, and loss of dignity" and their demand for compensatory and punitive damages make this case appropriately removable. (Doc. 1 ¶ 43). Such an amount in controversy statement is insufficient under *Lowery*'s holding that a removing party show the existence of federal jurisdiction without any ambiguity. *Id.*, 483 F.3d at 1214.

In its petition, RELS does not even acknowledge the existence of *Lowery*,

much less explain how its present removal satisfies the opinion's multi-faceted jurisdictional standard.   Instead, RELS unhelpfully cites <u>only</u> to pre-*Lowery* decisions. (*See, e.g.,* Doc. 1 ¶¶ 41, 42, 44, 45 (citing *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Fowler* , 256 F. Supp. 2d at 1249; *Jackson v. American Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450 (S.D. Ala. 1997) (other citations omitted)).

Additionally, while RELS cites in its notice of removal to several jury verdicts that are in excess of the jurisdictional minimum, (*see, e.g.*, Doc. 1 ¶ 44 (citing *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916 (Ala. 1981), arising out of Baldwin County Circuit Court; *United American Ins. Co. v. Brumley*, 542 So.2d 1231 (Ala. 1989), arising out of Marion County Circuit Court; *Carlisle v. Whirlpool Fin. Bank*, No. 97-68, arising out of Hale County Circuit Court; *Merriweather v. Whirlpool Fin. Bank*, No. 97-69, arising out of Hale County Circuit Court; *Foremost Ins. Co. v. Parham*, 693 So.2d 409 (Ala.1997), arising out of Bullock County Circuit Court)), *Lowery* makes it clear that this court should only consider those documents "received by" RELS from the Jacksons in assessing satisfaction of the amount in controversy requirement.   *Lowery*, 483 F.3d at 1211.

Moreover, even if a removing party's reliance upon evidence of comparable jury verdicts to support the amount in controversy requirement survives *Lowery*, not

13

one of these decisions arises out of Jefferson County.  Further, RELS fails to indicate which, if any, of those jury decisions involve facts, claims, injuries, and/or defenses similar to those that are present in this litigation.  Accordingly, no underlying basis exists for RELS (or this court) to reasonably determine that the collected verdicts relied upon by it are fairly representative of the value of the Jacksons' case.

Similarly, while RELS's opposition at least acknowledges the existence of *Lowery* (Doc. 9 ¶ 26), RELS still omits any analysis of it and relies only upon one post-*Lowery* case to show how it has satisfied the requirements of the controlling authority—*Kennedy v. Fleetwood Enterprises, Inc.*, No. 1:07-CV-728-MEF, 2007 WL 4287374 (M.D. Ala. Dec. 5, 2007).  *Kennedy* involved a case removed from state court "seeking declaratory relief with respect to an arbitration provision in a contract on which the Plaintiffs s[ought] to submit for arbitration."  2007 WL 4287374, at *1. The underlying dispute related to "an alleged defect in a manufactured home."  2007 WL 4287374, at *2.  In assessing the amount the controversy requirement, the district court explained:

> Deducing the jurisdictional amount in controversy with respect to the other claims is not as straightforward as deducing the compensatory damages request for the loss of the home. When faced with this issue, courts have looked at the amount of damages awarded "in cases on the same type of suit." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1392 (M.D. Ala.1998) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Bolling v. Union Nat'l Life Ins. Co.*,

14

> 900 F. Supp. 400, 404 (M.D. Ala. 1995); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1417 (M.D. Ala.1986)).

2007 WL 4287374, at *3 (emphasis added). Assuming without deciding that the approach used in *Kennedy* is correct in a post-*Lowery* world, the decision is still unhelpful to RELS because the Jacksons' lawsuit is not about the loss of a home, but rather about claims of reckless and wanton hiring, training, and supervision and invasion of privacy.

Moreover, in *Kennedy*, the district court was reviewing cases involving "the same type of suit." 2007 WL 4287374, at *3 (citations omitted). As explained above, because RELS has made no effort to show the similarities between this case and the jury verdicts from other counties upon which it relies, RELS's reference to them (even if appropriate under *Lowery*) is meaningless as a measuring tool and is insufficient to unambiguously establish satisfaction of the jurisdictional minimum for federal court.

Further in its opposition , RELS also unsuccessfully argues that the Jacksons' reference in their remand papers that they "seek exactly $49,500.00 from RELS *in addition* to an amount from Wells Fargo which, following the removal of the *ad damnum* limitation, exceeds $49,500.00 " means that, by aggregation, the damages are in excess of $99,000. (Doc. 9 ¶ 30). More specifically, RELS has not shown how

aggregation would be appropriate in this instance as "[t]he general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that 'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.'" *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (citations omitted).[6]

Although the Jacksons have alleged that the defendants "combined and concurred each with the other in committing the acts that injured" them, they have not asserted that Wells Fargo and RELS are <u>jointly and severally liable</u>. (*See generally* Doc. 1 at Ex. 1; *see also* Doc. 10 ¶ 28 ("The action against RELS was separate and distinct from the suit against Wells Fargo, and therefore, cannot be aggregated to satisfy the amount in controversy.") (footnote with case citation omitted)). In any event, the standard under *Lowery* is whether <u>RELS has unambiguously established</u> that the monetary threshold has been met "<u>from the removing documents</u>[,]" and it has not. *Lowery*, 483 F.3d at 1211 (emphasis added).

Furthermore, several persuasive post-*Lowery* opinions exist that support remanding this case for RELS's failure to satisfy the amount in controversy

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

requirement. *See, e.g., Beasley v. Fred's Inc.*, No. 08-0120-WS-C, 2008 WL 899249, at *1 (S.D. Ala. Mar. 31, 2008) (remanding *sua sponte* because "[t]he amount in controversy [was] not apparent from the face of the complaint, because there [was] no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not"); *Spivey v. Fred's Inc.*, 554 F. Supp. 2d 1271, 1275 (M.D. Ala. 2008) (remanding *sua sponte* on the basis that the "court is not permitted to speculate as to the amount of damages in evaluating whether the jurisdictional amount has been met"); *Siniard v. Ford Motor Co.*, 554 F. Supp. 2d 1276, 1278 (M.D. Ala. 2008) (granting motion to remand in removed <u>wrongful death action</u> on grounds that "defendant and the court may not speculate about the amount in controversy, nor should 'the existence of jurisdiction' be 'divined by looking to the stars'") (citing *Lowery*, 483 F.3d at 1215).[7]

While this court recognizes that the requisite amount in controversy might exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11].

---

[7] The undersigned has also rendered several *Lowery*-based remand decisions from which the analysis and disposition of this case persuasively flow. *See, e.g., Smith v. Parker*, No. 4:08-CV-901-VEH, (Docs. 10, 11) (N.D. Ala. July 11, 2008); *Wright v. Allstate Ins. Co.*, No. 1:08-CV-449-VEH, (Docs. 6, 7) (N.D. Ala. Apr. 23, 2008); *Standfield v. Fleet Global Services*, No. 2:07-CV-2307-VEH, (Docs. 10, 11) (N.D. Ala. Mar. 11, 2008); *Wood v. Option One Mortgage Corp.*, No. 4:08-CV-1477-VEH, (Docs. 14, 15) (N.D. Ala. Sept. 30, 2008).

This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case"). "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction." *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007) (citing *Lowery*, 483 F.3d at 1214 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("holding that the document must be 'unequivocally clear and certain'")).

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."

18

*Id*. at 1215.   Accordingly, RELS has not satisfied its preponderance of evidence standard by unambiguously establishing the amount in controversy as mandated under *Lowery*, and the case is due to be remanded for lack of subject matter jurisdiction for this additional reason.

## IV.   CONCLUSION[8]

For the independent reasons explained above, the Jacksons' Motion to Remand is due to be granted.   The court will enter a separate order.

**DONE** and **ORDERED** this 25th day of November, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[8]   In light of the court's ruling on remand, it does not reach the purported untimeliness of RELS's removal and other issues raised by the parties.

19